# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRYANT JUNCO,

        Plaintiff,

v.

ADVOCATE AURORA HEALTH,

        Defendant.

Case No. 21-CV-1461-JPS

**ORDER**

On December 23, 2021, Plaintiff Bryant Junco ("Plaintiff"), proceeding pro se, filed this action alleging that Defendant Advocate Aurora Health ("AAH") illegally discriminated against him. ECF No. 1. The Court screened Plaintiff's complaint and ordered him to file an amended complaint, this time providing evidence of or pleading that he received a right-to-sue letter from the appropriate authority. ECF No. 4. On January 31, 2022, Plaintiff filed an amended complaint alleging that AAH violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*[1] ECF No. 6. Plaintiff also filed a motion for leave to proceed without prepaying the filing fee. ECF No. 7. This Order screens Plaintiff's amended complaint.

1. **MOTION TO PROCEED IN FORMA PAUPERIS**

On the question of indigence, although Plaintiff need not show that he is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the privilege of proceeding *in forma pauperis* "is reserved to the many truly

---

[1] Although Plaintiff does not state the law under which he brings suit, the Court can infer from the facts presented in his complaint that this is a sex-based discrimination case in the employment context, typical of those brought under Title VII.

impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

In his motion, Plaintiff avers that he is employed and unmarried. ECF No. 7 at 1. He is responsible for supporting his four-month-old son. *Id.* His monthly income totals $1,600; his monthly expenditures, including rent, a car payment, car insurance, household expenses, and credit-card payments, total between $2,200 and $2,3000. *Id.* at 2–3. His car is valued at $12,000; his savings is valued at $1,400. *Id.* at 3–4. The Court accepts that Plaintiff is indigent. However, the inquiry does not end there; the Court must also screen the action.

## 2. SCREENING STANDARDS

Notwithstanding the payment of any filing fee, when a plaintiff requests leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest

that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

3. **RELEVANT ALLEGATIONS**

Plaintiff alleges that, in September 2020, AAH wrongfully terminated him from his position as a patient transporter. ECF No. 6 at 2. Plaintiff alleges that during his employment with AAH, AAH management continuously treated Plaintiff differently than his female coworkers. *Id.* at 2–3. For example, female employees were allowed longer and more numerous breaks and were given easier assignments than Plaintiff. *Id.* at 3. Plaintiff complained to his managers about the disparate treatment, but he alleges that they dismissed his concerns. *Id.* Ultimately, after lodging a complaint, Plaintiff refused to work until AAH addressed his concerns, and an AAH manager fired Plaintiff immediately. (*Id.*) Hospital security escorted Plaintiff out of the building. (*Id.*)

4. **ANALYSIS**

The screening standard in employment discrimination cases (and others) is lenient for pro se plaintiffs: "a plaintiff need only allege enough facts to allow for a plausible inference that the adverse action suffered was connected to her protected characteristics." *Kaminski v. Elite Staffing, Inc.*, 23

F.4th 774, 777 (7th Cir. 2022). Here, Plaintiff alleges that AAH consistently treated him differently than his female coworker. He also alleges that he was fired after raising his concerns to AAH managers. Plaintiff has provided a copy of his right-to-sue letter from the Equal Employment Opportunity Commission. ECF No. 6-1. Plaintiff's amended complaint survives screening.

5.   **CONCLUSION**

For the reasons stated herein, Plaintiff may proceed on his claims against AAH. Whether the facts bear out these claims, or whether Defendant has any procedural or substantive defenses for its actions, must be determined at a later date.

Finally, Federal Rule of Civil Procedure 4(c)(3) provides that the Court must order service by the U.S. Marshals Service if a plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See Williams v. Werlinger*, 795 F.3d 759, 760 (7th Cir. 2015). Congress requires the U.S. Marshals Service to charge a fee for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for service by mail is $8.00 per item mailed; for process served personally by the U.S. Marshals Service, the fee is $65 per hour. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the Court to order service by the U.S. Marshals Service because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. Thus, the Court will allow Plaintiff to elect, within **fourteen (14) days**, whether he desires service by the U.S. Marshals Service or whether he will obtain service of his own accord. If Plaintiff wants to effect service himself, he should simultaneously file a request for the Clerk of the Court to issue a service packet to him.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis*, ECF No. 7, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiff shall file, within **fourteen (14) days**, a notice indicating which method of service he desires.

Dated at Milwaukee, Wisconsin, this 15th day of March, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge